The Chief Justice
delivered the opinion of the court.*
This was an action of assumpsit, for goods, wares and merchandize, and for money had and received, &c.
On the trial of the cause, one of the plaintiffs’ witnesses, in giving his evidence to the jury, when cross examined by the defendant’s counsel, having begun to speak of a written contract between the plaintiffs and defendant, the counsel for the plaintiff moved the court to exclude any parol evidence in relation to the written contract, as it was alledged to be in the possession of the plaintiffs, and no notice had been given to them, that if they did not produce it on the trial, such evidence would be gone into. The court decided, that the contents of the writing could not be proved by parol, but permitted the defendant to prove *12 the existence of the contract, and that he had partially complied with his part of it, and instructed the jury that, notwithstanding the evidence of the only witness, who knew any thing about the delivery of the goods and money, for which the suit was brought, tended to the contrary, if they should conclude from the existence of the writing, in connection with the other circumstances detailed, that the goods and money were delivered in pursuance of a written contract, the plaintiffs could not recover under either count in the declaration.
Parol evidence of the contents of a written agreement, is inadmissible, even though the written agreement is in the possession of the adversary, unless notice is given to the adversary to produce it.
A defendant should not be permitted to prove that he has partially complied with his part of a written contract, in the absence of that contract.
The plaintiffs excepted, and have brought the case to this court by writ of error.
We have no doubt that the circuit court erred. The decision of that court seems, indeed, to be irreconcilable with itself. It was certainly correct to decide that parol evidence of the contents of the writing could not, under the circumstances of the case, be admitted; for it is a settled doctrine, that a party cannot be admitted to prove by parol the contents of a written contract, notwithstanding it may be in the possession of his adversary, unless he has had previous notice to produce it; and this doctrine is founded upon the fundamental rule, that the best evidence of which the nature of the case admits, must be produced.
But if proof of the contents of the written contract was inadmissible, why should the proof of its existence be admitted? Evidence merely of the existence of a written contract between the parties, without shewing that the contract had some relation to the subject matter of controversy, must, in the nature of things, have been wholly immaterial and irrelevant. But such relation could only have been shewn by proof of the purport of the instrument; for it certainly does not follow, as a conclusion, either of law or of fact, that because there was a written contract between the parties, it must have related to the subject matter of the present controversy. But the decision of the circuit court is not only inconsistent with itself, in this respect, but is still more so as well in admitting proof by the defendant, that he had partially executed his part of the contract, as in hypothecating the instruction to the jury, upon their finding that the money and goods, for which the suit was brought, were delivered in pursuance of the contract.
For if evidence of the purport of the contract be excluded, it is impossible to perceive how it could be shewn *13 that any act performed by the defendant had been done in execution of the contract, and it was equally impossible for the jury to find the fact, that the goods and money, for which the suit was brought, had been delivered in pursuance of such contract.
Talbot for plaintiff, Hardin for defendant in error.
The judgment reversed with costs, and the cause remanded for new proceedings to be had, not inconsistent with the foregoing opinion.

 Absent, Judge Rowan.